IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY LEE WALTERS | : | No. 4:CV-07-0990 |
| Plaintiff, | : | Judge John E. Jones III |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**MEMORANDUM**

January 22, 2008

Currently before the Court is the Defendant United States' unopposed motions to dismiss the complaint of pro se Plaintiff Larry Lee Walters pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or, alternatively pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court shall grant the United States' motion to dismiss and dismiss this case.

**I.    STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(1), a court is not limited to considering only the allegations on the face of the complaint if the defendant is challenging subject matter jurisdiction in fact. *Carpet Group Int'l v.*

1

*Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). In a challenge to subject matter jurisdiction, "no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Thus, the court is "free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Carpet Group Int'l*, 227 F.3d at 69. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted if the plaintiff does not carry the burden of persuasion to show that jurisdiction does in fact exist. *Id.*

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved...[b]ut a court need not credit a complaint's bald assertions

or legal conclusions when deciding a motion to dismiss." *Morse*, 132 F.3d at 906.

## II. BACKGROUND

Walters filed a civil complaint in state court against the Director of the Lebanon VA Medical Center, Terry Wolfe, on April 25, 2007. On May 30, 2007, the complaint was removed to this court pursuant to 28 U.S.C. § 2679(d)(2). (Doc. 1.) On that same date, the United States filed a motion for substitution (Doc. 2), which was granted on July 2, 2007, substituting the United States as defendant in this action. (Doc. 4.)

Walters alleges that he received a three month supply of a drug that he did not order and a one year supply of a drug "before the drugs [sic] usefulness could be determined. (Doc. 1-2 at 2.) Walters seeks a judgment in the amount of $364.50 plus costs. (Id.)

The United States filed a motion to dismiss or, in the alternative, for summary judgment on October 30, 2007 (Doc. 5) and a brief in support thereof on November 14, 2007. (Doc. 7.) The United States argues that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Walters has failed to exhaust his administrative remedies and, alternatively, dismissed under Rule 12(b)(6) because Walters has failed to state a claim upon which relief can be granted.

Walters did not file an opposition to the pending motion within the time allowed by Local Rule 7.6, nor did he request an extension of time in which to do so. On December 18, 2007, the Court ordered Walters to file his opposition on or before January 2, 2008. (Doc. 8.) Walters has not done so.

## III.  DISCUSSION

Because Walters has failed to file a memorandum in opposition to the United States' motion, the Court may deem the motion unopposed. Local Rule 7.6. Generally, a dispositive motion should not be granted merely because it is unopposed. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Where, however, a plaintiff fails to prosecute an action or fails to comply with a court order, the court may dismiss the action. *Id.*; Fed. R. Civ. P. 41(b). Although this case may be dismissed for Walters' failure to comply with procedural rules and the Court's order requiring him to file an opposition, because of Walters' pro se status the Court will briefly address the merits of the United States' motion.

### A.  Subject Matter Jurisdiction

Pursuant to the Federal Tort Claims Act ("FTCA"), under which Walters seeks relief, the United States has waived sovereign immunity and consented to be sued under limited circumstances. *See* 28 U.S.C. § 1346(b); 28 U.S.C. § 2674. The FTCA governs claims against the United States for "money damages for

injury or loss of personal property or personal injury or death caused by negligent or wrongful act or omission of any employee of the government," provided that employee was acting in the scope of his employment. 28 U.S.C. § 2675(a). However, a plaintiff cannot institute an action for money damages unless that plaintiff has first exhausted administrative remedies by presenting the claim to the appropriate Federal agency, and having the claim finally denied by that agency. *Id.* When the United States does waive sovereign immunity, the terms of such waiver limit the court's jurisdiction. *United States v. Mottaz*, 76 U.S. 834, 841 (1986). The United States has only consented to be sued for money damages under the FTCA upon exhaustion of administrative remedies. 28 U.S.C. 1346(b); 28 U.S.C. § 2675(a). The court therefore would not have jurisdiction to hear the matter unless the requirements of the statute have been met: that the claim be presented to and finally denied by the appropriate federal agency. *Id.*

The appropriate federal agency to which Walters should have first presented his claim is the Department of Veterans Affairs. (Doc. 6). Walters should have submitted a Standard Form 95, Claim for Damage, Injury, or Death, or any other written notification. According to an affidavit of Jose H. Lopez, Regional Counsel for the Department of Veterans Affairs, no record exists of any such form or notice

being filed by plaintiff Walters.[1] (Doc. 6-2). Because Walters failed to exhaust the administrative remedies available to him he is unable to pursue a claim for money damages under the FTCA, and therefore this Court lacks jurisdiction over his negligence claim against the United States.

### B. Failure to State a Claim

In a FTCA action, the Court must apply the applicable law of the state in which the conduct occurred. Under the law of Pennsylvania, a plaintiff must plead four elements to establish a cause of action in negligence: that the defendant had a duty to the plaintiff, that the defendant breached that duty, that there exists a causal connection between the breach and resulting injury, and that actual damages occurred. *Morena v. South Hills Health Sys.*, 462 A.2d 680, 684 n.5 (Pa. 1994). Walters' complaint only alleges that he was sent a "3 month supply of the drug Tradnazone that [he] did not order" and a one year supply of the drug Wellbutrin "before the drug's [sic] usefulness could be determined." (Doc. 1-2 at 2.) Walters seeks judgment in the amount of $364.50. The complaint does not allege the elements of a cause of action in negligence. The complaint does not

---

[1] The Court may consider this affidavit in evaluating the motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the Court may consider evidence beyond the face of the complaint to "satisfy itself whether it has the power to hear the case." *Carpet Group Int'l*, 227 F.3d at 69.

maintain that the United States', or its representative's, actions fell below any standard of care owed to Walters. Further, the complaint neither alleges that a breach of duty caused Walters' injury, nor does it allege any specific injury suffered by Walters. Accordingly, Walters has failed – almost literally – to state a claim under which relief could be granted to him.

## IV. CONCLUSION

For the foregoing reasons, Walters' complaint against the United States shall be dismissed with prejudice.[2] An appropriate order shall enter.

---

[2] Because Walters has made absolutely no effort to prosecute this action despite repeated opportunities and orders to do so, and because it is clear that Walters has not even attempted to exhaust the required administrative remedies, any attempt at amendment of the complaint would be futile. Dismissal is therefore with prejudice. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) ("[A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile.")